Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Earl A. Hicks
Michael J. Ellis
Assistant United States Attorneys
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GUILLERMO VALDEZ,<br><br>　　　　　　　　Defendant. | Case Nos. 2:21-CR-00159-TOR-1<br>　　　　　　2:22-CR-00021-TOR-1<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Earl A. Hicks and Michael J. Ellis, Assistant United States Attorneys for the Eastern District of Washington, submits the following sentencing memorandum.

**I.    BACKGROUND**

The Government agrees with the Offense Conduct summary outlined in paragraphs fourteen through forty-four of the Presentence Investigation Report. *See* ECF No. 30 at ¶¶ 14–44.[1] Over the course of 2021, the Defendant committed numerous federal criminal offenses across the Eastern District of Washington.

---

[1] The only exception is the Defendant's statement that "he was not the person who was present during this firearms transaction." *See* ECF No. 30 at ¶ 27. This statement directly conflicts with the Defendant's Plea Agreement where the Defendant admitted

GOVERNMENT'S SENTENCING MEMORANDUM - 1

First, on February 24, 2021, the Defendant participated in a burglary in Spokane County, Washington, during which eleven firearms were stolen. The Defendant (along with co-defendant Yanez) sold two of those firearms to an individual in Othello, Washington. One of those pistols was used in a homicide of a child days later. The Defendant – previously convicted of multiple felony offenses – was not permitted to possess a firearm.

Second, on April 2, 2021, a Washington State Patrol trooper attempted to pull over the Defendant's vehicle in Grant County, Washington. While eluding, the Defendant began throwing items – to include a firearm, methamphetamine, and heroin – out of the car. The Defendant crashed, fled, and was subsequently located hiding in a tree. The controlled substances tossed from the vehicle includes more than 800 grams of methamphetamine mixture and 49 grams of a substance containing fentanyl.

Third, on July 7, 2021, officers responded to the Defendant's Moses Lake, Washington, residence to serve an outstanding warrant arising from the Defendant's Washington State community custody. A substantial amount of controlled substances – as well as digital scales and plastic baggies – were recovered from the residence, some from inside the bedroom of the Defendant's six-year-old daughter. The methamphetamine seized was found to contain over 600 grams of methamphetamine mixture.

**II.    RESPONSE TO DEFENDANT'S OBJECTIONS TO DRAFT PSIR**

The Defendant raises three objections to the draft Presentence Investigation Report. *See* ECF No. 27. As the Defendant's objections largely concern facts the Defendant admitted in the Plea Agreement, the Defendant's objections should be overruled.

First, the Defendant objects to the inclusion of information concerning the use of a firearm sold by the Defendant and co-defendant Yanez in the homicide death of a

---

that he was the individual who participated in the firearms trafficking with co-defendant Yanez. *See* ECF No. 24 at 10.

GOVERNMENT'S SENTENCING MEMORANDUM - 2

child. *See id.* at 2–3; ECF No. 26 at ¶¶ 17–19. In the Plea Agreement, the Defendant admitted that "Defendant and co-defendant Yanez sold two of the [stolen] firearms . . . to an individual in Othello, Washington. One pistol . . . was recovered on February 27, 2021, in Othello, Washington, after having been used in a shooting during which a child was killed." *See* ECF No. 24 at 10. The Defendant has admitted that he both stole the firearm that was used in the homicide and sold the weapon to the individual who committed the shooting. *See id.* at 9–10. Under USSG §1B1.3(3), "relevant conduct" includes "all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions." *See* §USSG 1B1.3(a). If the Defendant had not stolen the firearm, he could not have subsequently (along with co-defendant Yanez) sold the firearm to the individual in Othello. The firearm would then – having not been stolen and trafficked – not have been used in the shooting. The shooting and death of the child is accordingly a "harm" that "resulted" from the Defendant's "acts."[2]

The Defendant also objects to a four (4) level increase for trafficking in firearms pursuant to USSG §2K2.1(b)(5). *See* ECF No. 27 at 3. In the Plea Agreement, the Defendant stipulated to both his involvement in firearms trafficking and to the applicability of USSG §2K2.1(b)(5). *See* ECF No. 24 at 10, 13. While the Defendant writes that "[t]here is no evidence that Mr. Valdez was involved in the transaction with CD-1," *see* ECF No. 27 at 3–4, the Defendant has expressly stipulated to his involvement. *See* ECF No. 24 at 9–10 (Defendant stipulating that he both stole the firearm during a burglary and sold the firearm to the individual in Othello). The Defendant's objection to both USSG §2K2.1(b)(5) and the requested altered guideline range should accordingly be overruled.

---

[2] The subsequent use of a trafficked firearm is also relevant to determining the Defendant's sentence. As an individual who traffics in stolen guns cannot know to what ends the weapons will be used, the subsequent use of a trafficked firearm is highly relevant to deterring firearms trafficking by other persons.

GOVERNMENT'S SENTENCING MEMORANDUM - 3

### III. SENTENCING CALCULATIONS

**A. Base Offense Level & Enhancements**

The Government agrees that the Defendant's base offense level is thirty (30), and that the base offense level is increased by two (2) levels as the Defendant possessed a firearm in connection with his drug trafficking activities. The Government also agrees that the Defendant obstructed justice by recklessly fleeing from law enforcement and crashing his vehicle into a tree. Additionally, the Government agrees that the offense level is increased by an additional one (1) level as the Defendant's conduct in Case No. 2:22-CR-00021-TOR-1 does not group with Case No. 2:21-CR-00159-TOR-1. Further, the Government concurs with the Presentence Investigation Report that the Defendant merits a three (3) level reduction under USSG §3E1.1(a) and (b). Finally, the Government agrees that the Defendant has eight (8) criminal history points and a resulting Criminal History Category of IV. As such, the Defendant's total, adjusted offense level is thirty-two (32) for a guideline sentencing range of 168 to 210 months.

**B. Departures**

The Government is not seeking an upward departure in this matter. A downward departure is not warranted for the reasons discussed below.

### IV. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

The nature and characteristics of the Defendant's conduct warrant a sentence within the advisory guideline range, to 210 months imprisonment. The Defendant's conduct is egregious in isolation but when taken together – the possession of large amounts of methamphetamine for distribution, the storage of controlled substances in close proximity to a child, the unlawful possession of multiple firearms, the

GOVERNMENT'S SENTENCING MEMORANDUM - 4

trafficking of firearms, residential burglary, forcing law enforcement to engage in a high-speed pursuit – the Defendant has demonstrated the substantial threat he poses to the community throughout Eastern Washington. The Defendant's conduct is extremely dangerous, and has put other persons, ranging from law enforcement officers to elderly homeowners to children, in peril.

While the Defendant did not fire the gun that killed the child in Othello, the events that followed the Defendant's theft and sale of that firearm demonstrate the risks involved in unlawful firearms trafficking. When an individual traffics a stolen firearm to another person who, by virtue of their interest in purchasing an illegal gun, likely should not possess a firearm, the trafficker cannot know how the gun will be used to often – as in this case – tragic results.

A substantial sentence is also warranted due to the failure of the Defendant's prior lengthy sentences to deter future criminal conduct. The Defendant spent much of the last decade incarcerated on Washington State felony charges – initially for 46 months in 2009 following convictions for Robbery in the First Degree and Assault in the Second Degree and then for 67 months in 2015 following convictions for Drive-By Shooting, Unlawful Possession of a Firearm in the First Degree, and Attempting to Elude. This past conduct, bearing numerous similarities to the charges underlying the Defendant's federal prosecutions, counsels in favor of a substantial sentence.

  B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant within the applicable advisory guideline range, to 210 months imprisonment. Considering the nature of the offenses and the Defendant's history, a 210 month sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment.

The Government also asks that the Court order a five (5) year term of supervised release.

GOVERNMENT'S SENTENCING MEMORANDUM - 5

     C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a 210 month sentence followed by a five year term of supervised release will deter future drug trafficking and firearm related activity by the Defendant, by either forcing the Defendant to re-evaluate his criminal lifestyle or removing him from the community for a substantial period of time.

     D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, a 210 month sentence followed by a five year term of supervised release will protect the public from future criminal activity by the Defendant.

     E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant has expressed interest in vocational training while incarcerated with the Bureau of Prisons. Further, the Defendant's term of supervised release could provide the Defendant with tools to prevent his continued involvement in criminal activity.

     F. <u>The kinds of sentences available</u>

The Court may sentence the Defendant to a minimum of ten years imprisonment, up to life, a fine of up to $10,000,000, and between five years and a life term of supervised release.

     G. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment.

     H. <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 6

I.  The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

A sentence within the advisory guideline range would avoid unwarranted sentence disparities.

J.  The need to provide restitution to any victims of the offense

There is no restitution contemplated in this matter.

**V.    GOVERNMENT'S SENTENCING RECOMMENDATION**

As discussed above, the Government recommends that the Court impose a 210 month sentence followed by a five year term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 30 at 34–36. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   July 20, 2022.

Vanessa R. Waldref
United States Attorney

*s/Earl A. Hicks*
Earl A. Hicks
Assistant United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 7

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: J. Gregory Lockwood

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 8